IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| POLM FAMILY FOUNDATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00514-RBW |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' MOTION TO DISMISS

Polm Family Foundation, Inc. (the "Foundation), in the midst of an on-going administrative review of its application for tax-exempt status, has filed a complaint in this Court. The United States moves to dismiss the complaint for lack of jurisdiction because Foundation has failed to exhaust its administrative remedies.

In support of its motion, the United States submits a memorandum of law and a proposed order granting appropriate relief against the Foundation.

The specific relief sought by this motion is the dismissal of the complaint.

//

//

//

//

//

- 2 -

DATE: June 18, 2008

Respectfully submitted,

 /s/ Jan M. Geht

JAN M. GEHT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 307-6449
Fax: (202) 514-6866
E-mail: jan.m.geht@usdoj.gov
*Counsel for the United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3307038.1

- 3 -

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing MOTION was served on June 18, 2008, via

ECF to all counsel of record.


      /s/Jan M. Geht_____
      JAN M. GEHT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

POLM FAMILY FOUNDATION, INC.,        )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        No. 1:08-cv-00514-RBW
                                     )
UNITED STATES,                       )
                                     )
                Defendant.           )

<u>UNITED STATES ' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>

Polm Family Foundation, Inc. (the "Foundation), in the midst of an on-going

administrative review of its application for tax-exempt status, has filed a complaint in

this Court.  This Court lacks jurisdiction to review the complaint because the

Foundation has failed to exhaust its administrative remedies.

## STATEMENT

On April 10, 2007, the Foundation submitted an application for recognition of

exemption from tax under 26 U.S.C. § 501(a) as a § 501(c)(3) organization.  (Morris Decl.

¶ 2.)  It also requested classification as a supporting organization as defined under 26

U.S.C. § 509(a)(3) on the basis that it met the "supervised or controlled in connection

with" relationship test defined in 26 U.S.C. § 509(a)(3)(B)(ii).  A supporting organization

that meets this relationship test is a type II supporting organization.  26 U.S.C. §

4942(g)(4)(B)(ii).  (Morris Decl. ¶ 3.)  The application included a form 1023 (including a

narrative description of the Foundation's activities, a list of officers and directors, with

their resumes, and a conflict of interest policy), a check for the user fee, a form 1023

- 2 -

checklist, and the Foundation's Articles of Incorporation and By-laws.  (Morris Decl. ¶ 4.)

On April 12, 2007, the Service sent a letter to the Foundation acknowledging the receipt of its application for tax-exempt status.  (Morris Decl. ¶ 5.)  On September 27, 2007, the Service requested additional information necessary to determine the Foundation's eligibility for tax-exempt and supporting organization status.  (Morris Decl. ¶ 6.)  Among the information requested was a detailed description of the individuals serving on both the Foundation's governing board and the supported organization's governing board; identification of persons with the power to appoint the Managing Directors; and an explanation for why the Foundation believes it is not controlled by disqualified persons.  (Morris Decl. ¶ 7.)

On October 31, 2007, the Foundation responded to the Service's request for additional information.  (Morris Decl. ¶ 8.)  In its response, the Foundation affirmed that is directors were chosen by Richard Polm.  (Morris Decl. ¶ 9.)  It also stated that two of the three members of the executive committee were also part of the governing bodies of § 501(c)(3) public charities.  (Morris Decl. ¶ 10.)  The Foundation explained that it was not controlled by a disqualified person, stating that the majority of the control rested with individuals unrelated to the Foundation at its formation.  (Morris Decl. ¶ 11.)

- 3 -

In its letter dated September 27, 2007, and in subsequent phone calls, the Service voiced its concern that the Foundation had not established that it was not controlled by disqualified persons. (Morris Decl. ¶ 12.) Specifically, the Foundation's bylaws allowed Richard Polm, a disqualified person with respect to the Foundation, to appoint the directors representing the supported organization. (Morris Decl. ¶ 13.) Additionally, one of the three executive committee members, Emanuel Kallina, is a lawyer for Richard Polm. (Morris Decl. ¶ 14.) Thus, the Service is concerned that Richard Polm, who is also an executive committee member, might be able to exert his influence over Kallina and, thus, he might be able to indirectly control the Foundation. (Morris Decl. ¶ 15.) Lastly, the Foundation's bylaws included a quorum and voting structure that the Service feared would allow the disqualified persons to have indirect control over the organization. (Morris Decl. ¶ 16.)

On March 5, 2008, the Foundation responded to the Service's concerns by submitting an Amendment and Restatement of Bylaws as signed by a revised board of directors. (Morris Decl. ¶ 17.) On March 6, 2008, the Foundation submitted a supplemental response to the Service's concerns by accepting Kallina's resignation, along with another director's resignation, and naming two new managing directors. (Morris Decl. ¶ 18.)

The administrative record is silent as to who were named managing directors, and whether those directors are disqualified persons. (Morris Decl. ¶ 19.) The

- 4 -

administrative record is also silent as to whether Kallina resigned from the executive

committee.  (Morris Decl. ¶ 20.)

On March 19, 2008, the Foundation sent a letter to the Service indicating that it

was not willing to concede on the issue of the appointment of directors, and notifying

the Service that it intended to file a complaint for declaratory relief the following week.

(Morris Decl. ¶ 21.)  On April 2, 2008, the Service mailed a letter to the Foundation

requesting additional information in order to perfect the administrative record.

(Lawrence Decl. ¶ 3.)

## ARGUMENT

### THE COURT LACKS JURISDICTION TO REVIEW THIS CASE BECAUSE PLAINTIFF FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES

This Court lacks jurisdiction to issue a declaratory judgment in this case because

Plaintiff failed to exhaust his administrative remedies, a prerequisite for subject matter

jurisdiction in a suit under 26 U.S.C. § 7428.[1]

---

[1]The United States acknowledges that this Court has, on several occasions, held that exhaustion of administrative remedies is not a jurisdictional issue in the context of 26 U.S.C. § 7433.  See e.g., Lindsey v. United States, 448 F. Supp. 2d 37, 52 (D.D.C. 2006) (Walton, J.); Shane v. United States, 2008 WL 101739, *5 (D.D.C. Jan. 9, 2008) (Walton, J.). However, the United States respectfully submits that in the context of 26 U.S.C. § 7428, the exhaustion of administrative remedies is, in fact, a jurisdictional requirement for the following reasons.  First, this Court has expressly held that exhaustion of administrative remedies is a prerequisite to subject matter jurisdiction in a suit involving 26 U.S.C. § 7428.  Synanon Church v. United States, 557 F. Supp. 1329, 1334 (D.D.C. 1983).  Second, as explained in greater detail below, suits under 26 U.S.C. § 7428 are unique in that the courts generally limit their review to the administrative record only, see, e.g., Virginia Professional Standards Review Foundation v. Blumenthal, 466 F. Supp. 1164, 1167-1168

- 5 -

Section 7428 provides that "[i]n a case of actual controversy involving . . . a failure by the Secretary to make a determination with respect to [initial qualification of a 501(c)(3) organization], upon the filing of an appropriate pleading, . . . the district court of the United States for the District of Columbia may make a declaration with respect to such initial qualifications . . .." 26 U.S.C. § 7428(a)(2). The Court, before issuing a declaratory judgment or decree under this section, must determine "that the organization involved has exhausted administrative remedies available to it within the Internal Revenue Service." 26 U.S.C. § 7428(b)(2).[2] An organization "shall be deemed to

_____

(D.D.C. 1979), and without exhaustion of administrative remedies, the administrative record will be incomplete. But should the Court, for the first time, find that the exhaustion of administrative remedies is not a jurisdictional issue in the context of § 7428, the United States heeds this Court's advice in a suit involving § 7433, and respectfully asks that this motion to dismiss be converted to a motion for summary judgment. See Shane v. United States, 2008 WL 101739, *7 n.7 (D.D.C. Jan. 9, 2008) (Walton, J.) ("[o]f course, the defendant could have avoided this problem altogether by moving for summary judgment.")

[2]The Senate Report accompanying the enactment of 26 U.S.C. § 7428 explains this subsection as follows:

> For an organization to receive a declaratory judgment under this provision, it must demonstrate to the court that it has exhausted all administrative remedies which are available to it within the Internal Revenue Service. Thus, it must demonstrate that it has made a request to the Internal Revenue Service for a determination and that the Internal Revenue Service has either failed to act, or has acted adversely to it, and that it has appealed any adverse determination by a district office to the national office of the Internal Revenue Service or has requested or obtained through the district director technical advise of the national office. *To exhaust its administrative remedies, the organization must satisfy all appropriate procedural requirements of the Service.*"

S. Rep. No. 94-938, 94th Cong., 2d Sess., 585, 590 (1976), 4 U.S. Code Cong., & Admin. News 4014 (1976) (emphasis added) (cited in S.W. Virginia Prof'l Standards Review

- 6 -

have exhausted its administrative remedies with respect to a failure by the Secretary to

make a determination with respect to such issue at the expiration of 270 days after the

date on which the request for such determination was made *if the organization has taken,*

*in a timely manner, all reasonable steps to secure such determination*." Id. (emphasis added).

See also 26 C.F.R. § 601.201(n)(7)(v) (b); Synanon Church v. United States, 557 F. Supp.

1329, 1332 (D.D.C. 1983).

The Secretary has promulgated regulations setting forth what constitutes the

exhaustion of administrative remedies.  See generally 26 C.F.R. § 601.201(n)(7).

Specifically, the following steps and administrative remedies must be exhausted with

the Service:

> (a) The filing of a substantially completed application form 1023 . . .
>
> (b) The timely submission of all additional information requested to perfect an exemption application or request for determination of private foundation status; and
>
> (c) Exhaustion of all administrative appeals available within the Service . . ., as well as appeal of a proposed adverse ruling to the Conference and Review Staff of the Exempt Organizations Technical Branch in National Office original jurisdiction exemption application cases.

26 C.F.R. § 601.201(n)(7)(iv).  See also High Adventure Ministeries v. Commissioner, 80

T.C. 292, 300 (1983).  The steps outlined above "will not be considered completed until

the Internal Revenue Service has had a reasonable time to act upon the appeal or

---

Org. v. United States, 1978 WL 4585, *2 n. 5 (D.C.D.C. 1978)).

- 7 -

request for consideration, as the case may be." 26 C.F.R. § 601.201(n)(7)(vi). In fact, courts generally find that an organization has failed to exhaust its administrative remedies when there is an ongoing dialogue between the applicant and the Service even if the 270-day time period has expired. <u>See</u>, <u>e.g.</u>, <u>Prince Corp. v. Commissioner</u>, 67 T.C. 318, 328 (1976) (holding that petitioner had not exhausted its administrative remedies after more than 300 days had elapsed); <u>Exploratory Research, Inc. v. Commissioner</u>, 95 T.C.M. (CCH) 1347, *6 (2008) (same after 298 days).

The primary purpose of the doctrine of exhaustion is "the avoidance of premature interruption of the administrative process, particularly when the exercise of discretion or an application of expertise is required." <u>Prince Corp.</u>, 67 T.C. at 327-328 (citing <u>McKart v. United States</u>, 395 U.S. 185, 193 (1969)). The doctrine of exhaustion is particularly relevant in the context of section 7428 cases because the courts generally only consider as evidence the administrative record. <u>See</u>, <u>e.g.</u>, <u>Virginia Professional Standards Review Foundation v. Blumenthal</u>, 466 F. Supp. 1164, 1167-1168 (D.D.C. 1979) (finding that, absent good cause, the scope of the judicial review is limited to the administrative record based on the language of the statute, its legislative history, and relevant case law); <u>Church of Spiritual Technology v. United States</u>, 18 Cl. Ct. 247, 249 (1989). In this case, the administrative record is not complete because (1) the Foundation failed to identify the two new Managing Directors, making it impossible to determine whether they are disqualified persons; and (2) the Foundation, failed to

- 8 -

inform the Service as to whether Kallina resigned from the executive committee. The

Service has written to the Foundation to obtain this information so that the

administrative record can be perfected. Without a perfected administrative record, this

Court will be ill-positioned to rule on the merits of the dispute. Moreover,

"[p]ermitting a dissatisfied applicant for tax exemption status to introduce to the Court

additional evidence not brought before the IRS would obviously circumvent [the

exhaustion of administrative remedies] requirement." Blumenthal, 466 F. Supp. at 1168.

The case cited in the complaint, where this Court denied the motion to dismiss,

The Thomas Kinkade Foundation Charitable Trust v. United States, No. 02CV01973

(D.D.C. 2003), is distinguishable from the present controversy for two independent

reasons.

First, in Thomas Kinkade, more than two years passed between the time the

organization applied for the exemption and the time it filed the complaint. This Court

deemed the two-year delay to be an extreme delay. In the instant case, only 350 days, or

less than half the time in Thomas Kinkade, has lapsed.

Second, this Court in Thomas Kinkade, found that there was not an on-going and

open dialogue between the Service and the applicant, but a disaggregated one: "[a]long

the way, the petition for tax exempt status was reviewed by at least four different IRS

agents, each of whom appears to have started anew." Id. In the present case, there has

been an on-going and open dialogue for the purposes of developing and perfecting the

- 9 -

administrative record.  In fact, the Foundation has replaced two managing directors to alleviate the Service's concerns.  But rather than resolve the remaining concerns the Service has, the Foundation rushed to this Court seeking a declaratory judgment.  Its complaint is premature and must be dismissed.  See, e.g., High Adventure Ministries v. Commissioner, 80 T.C. 292, 301 (1983) (dismissing the complaint because the Service was "still attempting to investigate petitioner.")

## CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint for lack of jurisdiction based on Plaintiff's failure to exhaust administrative remedies.


DATE: June 18, 2008

Respectfully submitted,

 /s/ Jan M. Geht
JAN M. GEHT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 307-6449
Fax: (202) 514-6866
E-mail: jan.m.geht@usdoj.gov
*Counsel for the United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3282384.11

- 10 -

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing MEMORANDUM was served on June 18,

2008, via ECF to all counsel of record.


 /s/Jan M. Geht        
JAN M. GEHT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

POLM FAMILY FOUNDATION, INC.,    )
    )
         Plaintiff,    )
    )
       v.    )     No. 1:08-cv-00514-RBW
    )
UNITED STATES,    )
    )
         Defendant.    )

ORDER

Having considered Defendant's motion to dismiss, together with the

memorandum of points and authorities in support of the motion, and having further

considered plaintiff's opposition thereto, the Court concludes that the motion to dismiss

ought to be granted.  Accordingly, it is this _____ day of _____, 2008, in the

Washington, District of Columbia,

ORDERED that the Defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the

representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE


1

3307047.1

- 2 -

COPIES TO:

Jan M. Geht
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

Russell J. Pope
Pope & Hughes
29 West Susquehanna Avenue
Suite 110
Towson, MD 21204

3307047.1

- 3 -

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing ORDER was served on June 18, 2008, via ECF

to all counsel of record.

/s/ Jan M. Geht_____
JAN M. GEHT

3307047.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

POLM FAMILY FOUNDATION, INC.,    )
                                 )
                    Plaintiff,   )
                                 )
        v.                       )        No. 1:08-cv-00514-RBW
                                 )
UNITED STATES,                   )
                                 )
                   Defendant.    )

## DECLARATION OF DOROTHY M. LAWRENCE

Dorothy M. Lawrence, pursuant to 28 U.S.C. § 1746, declares as follows:

1.   My official title is Revenue Agent, Internal Revenue Service, Cincinnati, Ohio,

     and as such I have been assigned to review the Polm Family Foundation, Inc.'s

     (the "Foundation") application for recognition of exemption from tax under 26

     U.S.C. § 501(a) as a § 501(c)(3) organization and for classification as a supporting

     organization under 26 U.S.C. § 509(a)(3).

2.   On March 19, 2008, the Foundation sent a letter to the Service indicating that it

     was not willing to concede on the issue of the appointment of directors; and

     notifying the Service that it intended to file a complaint for declaratory relief the

     following week.

3.   On April 2, 2008, because I had not received formal notification that the

     complaint for declaratory relief has been filed, the Service mailed a letter to the

     Foundation requesting additional information in order to perfect the

3341494.1

- 2 -

administrative record.  It was later determined that this letter was sent seven days after the Foundation filed its complaint.

I declare under penalty of perjury that to the best of my knowledge and belief, the foregoing is true and correct.


Executed on: *June 16, 2008*

*Dorothy M. Lawrence*

DOROTHY M. LAWRENCE

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

POLM FAMILY FOUNDATION, INC.,      )
                                   )
                 Plaintiff,        )
                                   )
        v.                         )      No. 1:08-cv-00514-RBW
                                   )
UNITED STATES,                     )
                                   )
                 Defendant.        )

## DECLARATION OF ANNETTA R. MORRIS

ANNETTA R. MORRIS, pursuant to 28 U.S.C. § 1746, declares as follows:

1.    My official title is Revenue Agent, Internal Revenue Service, Baltimore,
      Maryland, and as such I have been assigned to review the Polm Family
      Foundation, Inc.'s (the "Foundation") application for recognition of exemption
      from tax under 26 U.S.C. § 501(a) as a § 501(c)(3) organization and for
      classification as a supporting organization under 26 U.S.C. § 509(a)(3).

2.    On April 10, 2007, the Foundation submitted an application for recognition of
      exemption from tax under 26 U.S.C. § 501(a) as a § 501(c)(3) organization.

3.    It also requested classification as a supporting organization as defined under 26
      U.S.C. § 509(a)(3) on the basis that it met the "supervised or controlled in
      connection with" relationship test defined in 26 U.S.C. § 509(a)(3)(B)(ii).  A
      supporting organization that meets this relationship test is a type II supporting
      organization.  26 U.S.C. § 4942(g)(4)(B)(ii).

3342072.1

- 2 -

4.  The application included a Form 1023 (including a narrative description of the
    Foundation's activities, a list of officers and directors, with their resumes, and a
    conflict of interest policy), a check for the user fee, a Form 1023 checklist, and the
    Foundation's Articles of Incorporation and By-laws.

5.  On April 12, 2007, the Service sent a letter to the Foundation acknowledging the
    receipt of its application for tax-exempt status.

6.  On September 27, 2007, the Service requested additional information necessary to
    determine the Foundation's eligibility for tax-exempt and supporting
    organization status.

7.  Among the information requested was a detailed description of the individuals
    serving on both the Foundation's governing board and the supported
    organization's governing board; identification of persons with the power to
    appoint the Managing Directors; and an explanation for why the Foundation
    believes it is not controlled by disqualified persons.

8.  On October 31, 2007, the Foundation responded to the Service's request for
    additional information.

9.  In its response, the Foundation affirmed that is directors were chosen by Richard
    Polm.

10. It also stated that two of the three members of the Executive Committee were
    also part of the governing bodies of § 501(c)(3) public charities.

3342072.1

- 3 -

11.  The Foundation explained that it was not controlled by a disqualified person, stating that the majority of the control rested with individuals unrelated to the Foundation at its formation.

12.  In its letter dated September 27, 2007, and in subsequent phone calls, the Service voiced its concern that the Foundation had not established that it was not controlled by disqualified persons.

13.  Specifically, the Foundation's Bylaws allowed Richard Polm, a disqualified person with respect to the Foundation, to appoint the directors representing the supported organization.

14.  Additionally, one of the three Executive Committee members, Emanuel Kallina, is a lawyer for Richard Polm.

15.  Thus, Richard Polm, who is also an Executive Committee member, might be able to exert his influence over Kallina and, thus, he might be able to indirectly control the Foundation.

16.  Lastly, the Foundation's Bylaws included a quorum and voting structure that allowed the disqualified persons to have indirect control over the organization.

17.  On March 5, 2008, the Foundation responded to the Service's concerns by submitting an Amendment and Restatement of Bylaws as signed by a revised board of directors.

3342072.1

~ 4 ~

18.    On March 6, 2008, the Foundation submitted a supplemental response to the Service's concerns by accepting Kallina's resignation, along with another director's resignation, and naming two new Managing Directors.

19.    The administrative record is silent as to who were named Managing Directors, and whether those directors are disqualified persons.

20.    The administrative record is also silent as to whether Kallina resigned from the Executive Committee.

21.    On March 19, 2008, the Foundation sent a letter to the Service indicating that it was not willing to concede on the issue of the appointment of directors, and notifying the Service that it intended to file a complaint for declaratory relief the following week.

I declare under penalty of perjury that to the best of my knowledge and belief, the foregoing is true and correct.


Executed on: June 16, 2008

Annetta R. Morris
ANNETTA R. MORRIS

3342072.1